UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23554-CV-UNGARO
MAGISTRATE JUDGE REID

DANNY ANGEL RODRIGUEZ,

      Plaintiff,

v.

CRISTINA MAXWELL, *et al.,*

      Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE RE
## AMENDED CIVIL RIGHTS COMPLAINT
### [ECF No. 12]

### I. Introduction

This Cause is before the Court on Plaintiff's *pro se* civil rights Amended Complaint, filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[1] [ECF No. 12]. Plaintiff, while confined at the United States Penitentiary in Jonesville, Virginia, filed this civil rights action against Assistant United States Attorney Cristina Maxwell ("AUSA Maxwell"), Federal Bureau of Investigations Agent Damian Giroux ("FBI Agent Giroux"), and Bureau of Prison Investigator

---

[1]Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In *Bivens,* the United States Supreme Court recognized for the first time an implied private action for damages against federal officers for violations of certain constitutional rights despite the absence of any statute conferring such right. *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 66 (2001). A *Bivens* action is the federal counterpart of an action under 42 U.S.C. § 1983. Such an action is brought pursuant to 28 U.S.C. § 1331 and the applicable provisions of the United States Constitution. "The effect of <u>Bivens</u> was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." *Dean v. Gladney,* 621 F.2d 1331, 1336 (5th Cir. 1980), *cert. denied sub nom. Dean v. County of Brazoria,* 450 U.S. 983 (1981). Thus, courts generally apply § 1983 law to *Bivens* cases. *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995). Accordingly, the proper defendants in a *Bivens* claim are the federal officers who allegedly violated Plaintiff's constitutional rights, not the federal agency which employs the officers. *FDIC v. Meyer,* 510 U.S. 471, 485-86 (1994).

Anthony Pellicano ("BOP Investigator Pellicano"). [ECF No. 12 at 2-3]. He alleges that Defendants violated his Fourth, Fifth, and Eighth Amendment rights in February 2018, which stem from his prosecution in *United States v. Rodriguez,* S.D. Fla., Case No. 17-20904-CR-UNGARO. [ECF No. 12].

This case has been referred to the Undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-02. [ECF No. 5]. Because Plaintiff is proceeding *in forma pauperis* ("IFP") [ECF No. 14], his Amended Complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007). Accordingly, for the reasons discussed below, the Amended Complaint should be **DISMISSED**.

## II. Standard of Review

### A. *Bivens* Action

Because "*Bivens* actions are analogous to § 1983 actions," the Eleventh Circuit has applied "§ 1983 law to *Bivens* cases." *Glover v. Eighth Unknown D.E.A. Agents/Drug Task Force Agents from Birmingham, Ala. Task Force*, 225 F. App'x 781, 784 (11th Cir. 2007) (per curiam) (citing *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995)). Standing alone, § 1983 "does not create any substantive rights, 'but merely provides a method for vindicating federal rights elsewhere conferred.'" *Glover,* 225 F. App'x at 784 (quoting *Graham v. Connor,* 490 U.S. 386, 393-94 (1989)). "Therefore, to prevail in a § 1983 action, the plaintiff must show that he was deprived of a federal right by a person acting under the color of state law." *Id.* (citing *Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001)).

**B. 28 U.S.C. §1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018) (per curiam). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the light most favorable to Plaintiff. *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y,* 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam) (citing *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1335 (11th Cir. 2012) (per curiam)).

In order "to avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright,* 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam)). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.* Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court may not, however, construct a litigant's legal arguments for him. *See Fils v. City of Aventura,* 647 F.3d 1272, 1285 (11th Cir. 2011) (finding a court "may look at all the evidence in the record," but it may not "act as plaintiff's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation.").

### III. Discussion

### A. Factual Allegations in Amended Complaint

Plaintiff sues AUSA Maxwell, FBI Agent Giroux, and BOP Investigator Pellicano, arising from the search and seizure of evidence of Plaintiff's storage unit in February 2018. *See* [ECF No. 12]. Plaintiff alleges that the AUSA spoke with Attorney Sabrina Puglisi ("Atty Puglisi"), who represented Plaintiff's codefendant, Lucia Mendez. [ECF No. 12-1 at 2]. Plaintiff claims Atty Puglisi gave AUSA Maxwell the address to Plaintiff's storage unit. [*Id.*]. He then states that the storage unit property manager, Maria Vargas ("Vargas"), advised the government on February 7, 2018, that she would not allow access to the storage unit without a search warrant. [*Id.* at 3]. He alleges that Vargas was then handed a "subpoena[,]" which Vargas assumed was a search warrant, and thereby the government gained unlawful access to his storage unit. [*Id.* at 2].

Prior to showing the "subpoena" to the manager, Plaintiff alleges that on February 5, 2018, Defendants Giroux and Pellicano went to Plaintiff's storage unit, and cut the locks without Plaintiff's consent, a valid warrant, or lack of probable cause, and thereby gained entry into Plaintiff's unit unlawfully. [*Id.* at 5].

Plaintiff maintains all three named Defendants "colluded" and "aid[ed] and abetted" to violate his constitutional rights. [*Id.* at 5]. He further claims the named Defendants perpetuated a "fraud" on the court during the motion to suppress proceeding in the underlying criminal case which arose from the evidence seized from the storage unit. [*Id.* at 6]. He also claims the evidence was "fake" and "unattached" to the storage unit. [*Id.*]. Finally, he alleges the named Defendants' actions adversely affected him. [*Id.* at 8].

Plaintiff seeks compensatory and punitive damages, together with declaratory and injunctive relief. [ECF No. 12 at 6].

## B. Dismissal as *Heck*-Barred

In *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." However, a civil rights action "for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Peterson v. Overstreet*, 819 F. App'x 778, 780 (11th Cir. 2020) (citing *Heck,* 512 U.S. at 489-90). The Eleventh Circuit has made clear "that the rule established in *Heck* applies to *Bivens* damages claims." *Id.* (citing *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995)). Consequently, *Bivens* claims that "necessarily imply the invalidity of a plaintiff's convictions are not ripe when they are brought before the convictions are invalidated." *Id.* (citing *Abella,* 63 F.3d at 1065 n.3) (affirming district court's dismissal "on ripeness grounds"). Thus, a Plaintiff's claims "accrue, and the statute of limitations starts to run, on the date that favorable determination occurs." *Id.* (citing *Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir. 1998)).

Here, because Plaintiff's claims are unripe, the complaint must be dismissed without prejudice. *See id.* at 780-81. Plaintiff's conviction and sentence in Case No. 17-20904-CR-UNGARO, has not been vacated. The docket of the underlying criminal case, of which this court takes judicial notice,[2] establishes that. Because Plaintiff's claims are unripe, and his cause of action

---

[2] *See* Fed. R. Evid. 201; *Nguyen v. United States,* 556 F.3d 1244, 1259 n. 7 (11th Cir. 2009) (quoting *United States v. Glover,* 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts.") (citation omitted)).

has not accrued and will not accrue unless his conviction or sentence is invalidated, dismissal is warranted. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) ("Because [plaintiff's] convictions have not been invalidated, his *Bivens* damages claims are not ripe. Therefore, the district court did not err in dismissing [plaintiff's] claims."); *Heck, supra*.

### IV. Motion to Stay Proceedings [ECF No. 19]; Motion for District Court to Recuse [ECF No. 20]

Completely aside from the merits of this case and the screening of Plaintiff's Amended Complaint, Plaintiff has filed a *pro se* Motion to Stay Proceedings [ECF No. 19],[3] and *pro se* Motion for District Court to Recuse/Transfer [ECF No. 20]. Both motions should be denied.

Plaintiff previously filed a motion in this case seeking recusal of all judges presiding in the United States District Court, for the Southern District of Florida. [ECF No. 10]. Plaintiff asserted, as he did in his 2017 criminal prosecution, Case No. 17-20904-CR-UNGARO, that it was error for any Southern District of Florida judges to preside over *any* of his cases. [*Id*. at 6-9]. This assertion was solely based on the recusal of the Southern District of Florida judges from presiding over Plaintiff's 1994 criminal trial in *United States v. Rodriguez*, No. 94-402-CR-PROBST (S.D. Fla. 1994). [*Id*. at 6-9]. The alleged victim in that case was a then-sitting federal judge in this District and, as a result, all Southern District of Florida judges were recused, and the Eleventh Circuit Court of Appeals appointed a Northern District of Alabama judge to preside in that case.

In his 2017 criminal prosecution, however, Judge Ungaro entered an order finding that recusal was not warranted since more than twenty-two years had passed since Plaintiff's conviction in the 1994 criminal case and the case "had nothing to do with an alleged assault on anyone, let alone on a sitting judge in this District." [CR-ECF No. 291 at 6].

---

[3] Citations to [ECF] refer to docket entries in this case, Case No. 20-23554-CV-UNGARO. Citations to [CR-ECF] refer to docket entries in criminal Case No. 17-20904-CR-UNGARO. Citations to [CV1-ECF] refer to docket entries in civil Case No. 20-24729-CV-GAP.

In this civil case, when Plaintiff once again sought recusal of not only Judge Ungaro, but all of the Southern District of Florida judges [ECF No. 10 at 4], the recusal motion was denied [ECF Nos. 11, 15, 16], because the Court found that Plaintiff had not demonstrated "that the district judge was biased during his 2017 criminal prosecution, much less that she [could] not be fair and impartial in these proceedings." [ECF No. 11 at 3].

Now, in Plaintiff's Motion to Stay this proceeding, he moves to stay "until recusal matter is resolved in Appeals pending before the Eleventh Circuit Court of Appeal, Case Nos. 19-11451, 20-10563, 20-11153[,] and 20-11235." [ECF No. 19 at 1]. Plaintiff's appeals all challenge the trial court's findings in his criminal case, Case No. 17-20904-CR-UNGARO, including the court's denial of his motion for recusal in that criminal case. *See* [ECF No. 11 at 2]. Here, however, Plaintiff has never appealed the order denying recusal in this civil case, Case No. 20-23554-CV-UNGARO. Therefore, a stay in this case is not warranted.

In any event, the Court considers the following four factors when considering a motion to stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Thymes v. Verizon Wireless, Inc.,* No. CV 16-66 KG/WPL, 2017 WL 3434288, at *3 (D.N.M. Mar. 10, 2017) (denying any stay of proceedings pending an appeal of the Court's denial of the Motion for Recusal).

Here, Plaintiff's Motion to Stay [ECF No. 19], is vague and conclusory, and he has not provided any grounds that would warrant a stay of these proceedings. Further, Plaintiff has not made a strong showing that he is likely to succeed on the merits, for the reasons discussed in the

denial of his recusal motion. [ECF No. 11]. Accordingly, for the reasons outlined above, Plaintiff's Motion to Stay [ECF No. 19], should be denied.

Plaintiff's Motion to Recuse/Transfer [ECF No. 20] should also be denied. In the Motion to Recuse/Transfer, Plaintiff requests that all Southern District of Florida Judges recuse themselves from this civil case and the case be transferred to the Eleventh Circuit because the Southern District of Florida Judges recused themselves from presiding over civil Case No. 20-24729-CV-GAP, and the Eleventh Circuit transferred that case to the Middle District of Florida. [ECF No. 20 at 1]; [CV1-ECF No. 20]. In Case No. 20-24729-CV-GAP, Plaintiff sued District Court Judge Frederico A. Moreno. Here, Plaintiff does not sue Judge Ungaro, nor any of the Southern District of Florida Judges. Accordingly, Plaintiff's rationale for recusal and transfer to the Eleventh Circuit is without merit.

## V. Recommendations

Based upon the foregoing, it is recommended that Plaintiff's Amended Complaint [ECF No. 12] be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted under § 1915(e), *see Peterson*, 819 F. App'x at 780, and that further leave to amend not be granted because any amendment would be futile. *See Tie Qian v. Sec'y, Dept. of Veterans Affairs,* 432 F. App'x 808, 810 (11th Cir. 2011) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed….'") (quoting *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007)).

It is further recommended that Plaintiff's Motion to Stay [ECF No. 19] be **DENIED**, that Plaintiff's Motion to Recuse/Transfer [ECF No. 20] be **DENIED**, and the case **CLOSED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and

Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

     **SIGNED** this 28th day of January, 2021.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    Danny Angel Rodriguez, *Pro Se*
       Reg. No. 48128-004
       U.S.P. - Lee
       Inmate Mail/Parcels
       Post Office Box 305
       Jonesville, VA 24263